IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LINDSEY NORDIN,[1] | § |
| | § No. 361, 2019 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK12-02450 |
| RICHARD OAKLEY, | § Petition No. 19-03026 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: December 20, 2019
Decided: January 16, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's custody order docketed July 16, 2019. The Family Court order reflects that the court carefully reviewed all of the factors set forth in 13 *Del. C.* § 722. The fact that the appellant disagrees with the Family Court's factual determinations is not a basis for reversal. Factual findings will not be disturbed on appeal unless they are clearly erroneous, and when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

our opinion for that of the trier of fact.[2] The appellant's briefs also assert facts that were not presented to the Family Court in the first instance, including circumstances that arose after the Family Court's decision. This Court will not consider evidence that was not presented to the trial court in the first instance.[3] To the extent that the appellant believes that new events warrant a modification of the custody and visitation arrangement ordered by the court, she must file a procedurally proper petition to modify custody in the Family Court and support her claims with appropriate evidence.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).

[3] *See Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court."); *Del. Elec. Coop., Inc. v. Duphily,* 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[4] We note that the Family Court docket reflects that the appellant filed a petition for modification of custody on August 27, 2019, which the Family Court dismissed on December 6, 2019, after the petitioner failed to appear in court as scheduled.